## **Last Chance Discipline Agreement**

This Agreement is entered into by the City of Kankakee ("the City"), the Fraternal Order of Police Labor Council ("the Union"), and Police Sergeant Paul Berge ("Berge").

Berge acknowledges that on 4-14-12, in the early morning hours, he wrecked his personal vehicle into the side of a commercial building in the 100 block of W. Hickory Street, causing over $500.00 in damage to his vehicle, while under the influence of alcohol, and un-prescribed steroids, and left the scene without filing a police report, and that a police report was made later that same day as an unknown hit and run accident in the 900 block of S. Evergreen Avenue.

Berge and the Union acknowledge that this incident is cause for discipline.

Berge desires to remain an employee of the Kankakee City Police Department, and is entering into this agreement to accomplish this result.

The City is willing to give Berge one last chance to conform to the Police Department's requirements and expectations.

Therefore, in consideration of mutual covenants and promises exchanged in this Agreement the parties agree to the following:

(1) Berge will serve an unpaid suspension of thirty (30) calendar days, which will commence April 1, 2016, and shall continue through May 1, 2016. Berge and the Union agree that this penalty is fair and appropriate, and accept and agree to this discipline and agree not to file a grievance or otherwise challenge it in any way.

(2) Berge will never again commit or participate in any of the discussed actions or behaviors identified in the course of this investigation, or any other major violation of the Kankakee Police Department Policies or Procedures of the kind involved in this matter.

(3) Berge and the Union agree that Berge's employment shall terminate immediately and automatically in the event that Berge violates this Agreement.

(4) In the event that the Chief of Police notifies Berge of his discharge under this Agreement, Berge shall sign a form acknowledging his discharge in a form prepared by the Chief of Police and tendered to Berge. In the event Berge does not sign the document prepared by the Chief of Police within five (5) business days after Berge's receipt thereof, the tendered documentation shall be deemed signed by Berge and the Chief of Police may regard and utilize the documentation as signed. In such event, the Chief of Police, or his designee, may attach a copy of this Agreement to the unsigned, tendered documentation, evidencing the basis upon which the tendered documentation was treated as signed and effective.

(5) In the event of Berge's discharge under the terms of this Agreement, Berge and the Union further agree as follows:

(a) Berge and the Union waive any right to review, whether by appeal pursuant to any Police Department personnel code provisions, Department Policy and Procedure, and the like, or by way of Administrative Review pursuant to 735 ILCS 5/3-101, et seq., writ of certiorari, or

otherwise, including any right to grieve or participate in a grievance hearing on Berge's behalf pursuant to any collective bargaining agreement that covers him, and including claims involving the disciplinary procedure, including without limitation the investigation stages thereof, except that Berge may contest whether he engaged in the conduct for which he is being terminated. Berge and the Union waive all rights to grieve, appeal from, or have reviewed, this waiver, the manner it was obtained, or its substance of effect.

(b)  Berge does further waive and release any and all claims he has or might have had against the City, its officials, officers, employees, agents, or representatives, regarding any act or omission by any such entity or individual relating to the discipline imposed in this matter, including this Agreement's resolution.

(6)  Berge is a member of a collective bargaining unit. Upon the signing of this Agreement by Berge and the Chief of Police, or the Chief's designee, the Agreement shall be dated below. The approval and consent to this Agreement by the Union is indicated by the signature of that person authorized and designated to sign the Agreement on behalf of the collective bargaining unit of which Berge is a member.

(7)  Berge further acknowledges that this Agreement is not a promise of employment or continued employment and does not confer any additional rights to Berge, but rather only states the conditions and stipulations under which he is allowed to return to work.

(8)  The provisions of this Agreement will be in effect until April 1, 2020, at which time upon successful compliance with the Agreement the City will remove it from his personnel file.

(9)  The Parties enter this Agreement on a non-precedential basis.

In agreement to the terms set forth above:

On the City's Behalf:

[signature]

Paul Berge:

[signature]

On the Union's Behalf:

[signature] 4/6/15

2

DEFENDANTS 001304